■ THERESA R. DELLA CORTE et al., Appellants, v INCORPORATED VILLAGE OF WILLISTON PARK et al., Defendants, and ARTHUR TAUSCHER, P. C., Respondent.—In an action, *inter alia,* to recover for damages to plaintiffs' property, plaintiffs appeal from so much of (1) an order of the Supreme Court, Nassau County, dated April 8, 1976, as granted the motion of defendant Arthur Tauscher, P. C., for summary judgment and (2) a further order of the same court, dated July 1, 1977, as denied their motion to amend their complaint as against the said defendant. Orders reversed insofar as appealed from, on the law, with one bill of $50 costs and disbursements to cover both appeals, motion of defendant Arthur Tauscher, P. C., for summary judgment denied, and plaintiffs' motion to amend their complaint as against the said defendant granted. Plaintiffs' time to serve an amended complaint is extended until 20 days after entry of the order to be made hereon. Plaintiffs-appellants are the owners of a one-family, private home located in Williston Park, New York. Prior to purchasing the premises, plaintiffs retained defendant-respondent Arthur Tauscher, P. C., a professional engineering firm, to inspect the home. Respondent issued a report which stated in the

written portion thereof that there were "Definite evidences of water seepage" into the basement area. An accompanying checklist indicated, with regard to the outside of the house, that the "ground slope" was fair to poor and that there were "low spots" on the property. At the bottom of the report, the following disclaimer appeared: "The foregoing report is furnished at your request in strict confidence by us as your agent and employee for your exclusive use as an aid in determining the physical condition of the subject premises. This report is intended to cover only such portions of the premises and the equipment therein as may be examined visually, and we warn you that although such premises and/or equipment may be in good condition when examined, the condition may change thereafter. Furthermore, this report is not to be used as a basis for determining the value of such premises or whether same is or is not to be purchased. This report is not to be construed as a guaranty, or warranty of the premises or equipment therein or of their fitness for use." Plaintiffs allege that every time there is a substantial rainfall their home becomes the center of a "virtual lake of water". Respondent contends that the report was complete in regard to the portions of the property that "may be examined visually". The disclaimer specifically stated that the report would cover only "such portions of the premises and the equipment therein as may be examined visually". Thus, underground drainage or sewage problems were not covered, and only surface conditions were allegedly discussed. In regard to the remaining portion of the disclaimer, we interpret it in accordance with the strict construction to be given exculpatory clauses (see 41 NY Jur, Negligence, § 5) as not exempting respondent from liability for negligence upon inspecting and reporting on that which was visually perceptible. Construing the disclaimer in this manner, it appears that issues of fact exist as to whether the professional engineer's report was complete and whether there was an obligation, in accordance with professional standards, to further elucidate the potential problems with the property (see Prosser, Torts [4th ed], § 32, p 161). Since we are denying respondent's motion for summary judgment, we believe that plaintiffs' motion to amend their complaint as against respondent should be granted by reason of the liberal rules permitting this procedure. However, in granting leave to amend the complaint, we do not pass upon its sufficiency. Rabin, J. P., Shapiro, Hawkins and Mollen, JJ. concur.